```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHANGHAI ZHENGLANG TECHNOLOGY CO.,
LTD.,

                    Plaintiff,
                                              ORDER
          -against-                           20-CV-5209(JS)(ARL)

MENGKU TECHNOLOGY CO., LTD. and
QIANAN LI,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Shan Zhu, Esq.
                     Hang & Associates, PLLC
                     136-20 38th Avenue, Suite 11G-2
                     Flushing, New York 11354

For Defendants:      No appearances.
```

SEYBERT, District Judge:

The Court has reviewed Plaintiff Shanghai Zhenglang Technology Company, Ltd.'s ("Plaintiff") ex parte Motion for Entry of a Temporary Restraining Order ("TRO") (D.E. 14), together with all supporting papers, including the Complaint; the Declaration of Shan Zhu (D.E. 15); the Declaration of Ruihua Ji (D.E. 16), and the accompanying Memorandum of Law (D.E. 17).

Federal Rule of Civil Procedure ("Rule") 65(b) empowers a court to grant a TRO without written or oral notice to the adverse party "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant

1

> before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Supreme Court has explained that circumstances justifying the issuance of an ex parte order are "extremely limited":

> The stringent restrictions imposed by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-49 (1974) (internal citation omitted). The standard for a temporary restraining order is the same as for a preliminary injunction. Jackson v. Johnson, 962 F. Supp. 391, 392 (S.D.N.Y. 1997). Accordingly, Plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555

U.S. 7, 20 (2008) (citations omitted). Plaintiff must also demonstrate these factors "by a clear showing." CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 141 (E.D.N.Y. 2011) (quotation omitted).

The Court has considered the application and submissions and is not persuaded Plaintiff makes a clear showing that it has satisfied the factors for a TRO. In particular, Plaintiff has not shown likelihood of irreparable harm. On November 10, 2020, Plaintiff moved this Court for an order to serve Defendants by email. (Mot. for Alt. Service, D.E. 10; Pl. Br., D.E. 11.) On November 18, 2020, the Court denied Plaintiff's request because it failed to satisfy the threshold conditions required by courts in this Circuit to grant alternative service pursuant to Rule 4(f)(3); namely, it did not establish it reasonably attempted to effectuate service on Defendants prior to its application, such as through the Hague Convention. (Nov. 18, 2020 Order, D.E. 13, at 4-6.) The day after the Court issued its Order, Plaintiff filed the present motion seeking a TRO, as opposed to when it initiated this action on October 29, 2020. Plaintiff does not explain how circumstances have changed since it filed the Complaint such that now, as opposed to twenty days earlier, it will suffer irreparable harm if the Court does not immediately issue a TRO without notice to Defendants. Although the Court recognizes that proceeding through the Hague Convention may be time-consuming, Plaintiff may

3

not seek emergency relief as an end-run around the Court's Order denying its request to serve Defendants via email.

In addition, the Court cannot determine whether Plaintiff is likely to succeed as a matter of law that Plaintiff will suffer irreparable harm absent a TRO, because the Complaint, TRO Motion, and accompanying materials do not identify when Defendants allegedly began to utilize Plaintiff's trademark and whether its alleged use of a trademarked name as a "package name" on the Google Play platform constitutes trademark infringement. Without such information, the Court is stymied in assessing the urgency and propriety of Plaintiff's request or the degree to which it will suffer irreparable harm absent a TRO.

Accordingly, Plaintiff's request for a TRO is DENIED without prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 20, 2020
       Central Islip, New York