UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Shanghai Zhenglang Technology Co., Ltd,

Plaintiffs,

- against -

Mengku Technology Co., Ltd, and Qianan Li

Defendants.

Case No.20-CV-5209

**FIRST AMENDED
COMPLAINT AND JURY
TRIAL DEMAND**

Plaintiff Shanghai Zhenglang Technology Co., Ltd. by and through its undersigned attorneys, Shan Zhu Law Group, P.C., hereby file this complaint against the Defendants Mengku Technology Co., Ltd., and Qianan Li ("Li") (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.      In this action, Shanghai Zhenglang Technology Co., Ltd. ("Zhenglang") seeks permanent injunctive relief, Defendants' profits, Plaintiff's lost profits and damages, punitive damages, and attorneys' fees, for Defendants' acts of trademark infringement under 15 U.S.C. § 1114et eq., unfair competition and false designation of origin under 15 U.S.C. § 1125(a), violations of New York General Business Laws §§ 133, 349 and 350, and trademark infringement, unfair competition and unjust enrichment under New York common law.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the

laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including New York, through at least Google Play, a fully interactive, commercial Internet store. Specifically, Defendants are reaching out to do business with New York residents by utilizing Google Play through which New York residents can download and purchase the applications or services using counterfeit versions of Zhenglang's trademarks. Defendants has targeted sales from New York residents by utilizing Google Play that offer downloading to the United States, including New York, accept payment in U.S. dollars and, on information and belief, has sold products or services using counterfeit versions of Zhenglang's federally registered trademarks to residents of New York. Defendants are committing tortious acts in New York, are engaging in interstate commerce, and has wrongfully caused Zhenglang substantial injury in the State of New York.

## **PLAINTIFFS**

4. Plaintiff Shanghai Zhenglang Technology Co., Ltd is a foreign Limited Liability Corporation incorporated under the law of People's republic of China with its principal place of business in Shanghai China. Plaintiff has marketed and designed mobile applications and gaming software for clients worldwide, including the United States.

5. Zhenglang markets, designs, sells, produces multiple downloadable mobile phone games and/or application under the trademark "LinkDesks".

6.    Zhenglang's mobile phone games and/or applications are distributed and sold to consumers throughout the United States, including in New York, through Google Play and Apple iTunes Store.

7.    Zhenglang incorporates its distinctive mark in the package name and the design of its various mobile phone games and/or applications.

8.    As the result of its long-standing use, Zhenglang owns common law trademark rights in its trademark. Zhenglang has also registered its trademark with the United States Patent and Trademark Office.

9.    Zhenglang's mobile phone games and/or applications typically include its trademark. Specifically, in Google Play, Zhenglang has incorporated its trademark in the package name. Zhengang uses its trademarks in connection with the marketing of its LinkDesks products.

10.    The above U.S. registration for the LinkDesks trademark is valid, subsisting, and in full force and effect. The LinkDesks trademark has been used exclusively and continuously by Zhenglang, and have never been abandoned. The registration of LinkDesks trademark constitute prima facie evidence of their validity and of Zhenglang's exclusive right to use the LinkDesks trademark pursuant to 15 U.S.C. § 1057(b). Attached hereto as **<u>Exhibit 1</u>** is true and correct copy of the United States Registration Certificates for the LinkDesks Trademark. Zhenglang is also the owner of the U.S. registration for "LinkDesk" trademark, with registration number 4,971,155 and "LinkDesks" trademark, with registration number 6,239,795. Attached hereto as Exhibit 2 is true and correct copy of the U.S. Registration Certificate and change of ownership filed with PTO. (Collectively "LinkDesks Trademarks")

11.    The LinkDesks Trademarks are exclusive to Zhenglang, and are displayed extensively on Zhenglang's mobile phone games and/or applications and in Zhenglang's

marketing and promotional materials. The LinkDesks brand has seen exponential growth and has been extensively promoted and advertised at great expense. Zhenglang enjoys the reputation result from its high quality and innovative games and/or applications. The LinkDesks trademarks have become well-known throughout the United States.

**<u>DEFENDANTS</u>**

12.     Upon information and belief, Defendants, Hangzhou Mengku Technology Co., Ltd (thereafter "Mengku") is a foreign Limited Liability Corporation incorporated under the law of People's republic of China.

13.     Upon information and belief, Mengku has its principal place at Room 721, 7th Floor, Building 2, Huajiang Paradise Walk Business Center, No.1001 Yuhangtang Road, Xihu District, Hangzhou, Zhejiang, China.

14.     Upon information and belief, Defendant Qianan Li is the owner, officer, director and/or managing agent of Hangzhou Mengku Technology Co., Ltd and is jointly and severally liable with Corporate Defendants.

15.     Upon information and belief, Defendang Qianan Li reside in the People's Republic of China or other foreign jurisdictions.

16.     Defendants conduct business throughout the United States, including within the State of New York and this Judicial District, through at least Google Play, a fully interactive, commercial Internet store. Defendants target the United States, including New York, and has offered to sell, and, on information and belief, has sold and continues to sell Counterfeit LinkDesks games and/or applications to consumers within the United States, including the State of New York.

**<u>STATEMENT OF FACTS</u>**

**<u>Plaintiff Zhenglang's Ownership and Use of the LinkDesks ® Trademarks,</u>**

Zhenglang is the owner of a federally-registered United States trademark for LinkDesks, with

U.S. Registration No. 5,659,162, in International Class 41 for amount other things "Electronic games services provided by means of the internet; Entertainment services, namely, providing temporary use of non-downloadable video games; Entertainment in the nature of online computer games; Entertainment services in the nature of providing online electronic games for use on mobile phones, tablets and other electronic mobile devices." (Exhibit 1)

17.     Plaintiff Zhenglang started to use the trademark commerce occurred at least as early as 06/07/2015.

18.     Plaintiff Shanghai Zhenglang is also the owner of the registered trademark LinkDesks in European (Registration Number 017511965) and China (Registration Number 25018876).

19.     Because of Zhenglang's registration and extensive use of the LinkDesks trademark identifies Zhenglang as the single source of origin for LinkDesks services. As such, Zhenglang desires to put a stop to the unauthorized and non-licensed use of its LinkDesks trademark by the Defendants.

20.     Zhenglang is the owner of a federally-registered U.S. trademark for LinkDesks, with U.S. Registration No. 6,239,795, in International Class 009 for amount other things, computer game programmes downloadable via the Internet, Downloadable computer game software for use on mobile and cellular phones. (Exhibit 2)

21.     Zhenglang is the owner of a federally-registered U.S. trademark for LinkDesk, with U.S. Registration No. 4,971,155, in International Class 009 and 042 for electronic monitors, computers and software used to monitor and operate house and building alarms, heating, air conditioning lighting, window blind, and ventilation equipment, and to operate multimedia devices and design and development of computer hardware and software for home automation systems. (Exhibit 2)

22.     In addition to the registered LinkDesks trademarks, Plaintiff has common law trademark rights to the LinkDesks mark, due to Plaintiff's usage of said marks in commerce since at least as early as 2015.

**Defendants' Unauthorized Marketing, Sale, and Produce of LinkDesks application**

23.     Zhenglang has not authorized the Defendants to design, manufacture, distribute, advertise or sell their mobile phone software or related uses of the LinkDesks trademarks on Google Play.

24.     Upon information and belief, Defendants facilitate sales by offering a mobile phone applications "Bubble Shooter Genies" and "Bubble Shooter Legend" games under the name of "LinkDesks". A digital image of a website screen shot of the Google Play page featuring the Defendants' LinkDesks is attached hereto as **Exhibit 3.**

25.     Upon information and belief, Defendants utilizing the Plaintiff's "LinkDesks" trademarks as their package name and/or product ID on Google Play.

**26.**     Utilizing Plaintiff's trademark in their package name and/or product ID on Google Play results the Defendants' "Bubble Shooter Genies" and "Bubble Shooter Legend" will appear whenever searching the term "LinkDesks" on Google Play. A digital image of a website screen shot of the Google Play page is attached hereto as **Exhibit 4.**

**27.**     Utilizing Plaintiff's trademark in their package name and/or product ID on Google Play results the Defendants' "Bubble Shooter Genies" and "Bubble Shooter Legend" will appear whenever searching the term "LinkDesks bubble shooter" on google.com. A digital image of a website screen shot of the google.com page is attached hereto as **Exhibit 5.**

28.     The Defendants further utilize Plaintiff's "LinkDesks" mark in their sales link. Specifically,

https://play.google.com/store/apps/details?id=com.linkdesks.bubblegames.bubbleshooter     for

"Bubble                         shooter                    Genies"                and

https://play.google.com/store/apps/details?id=com.linkdesks.iBubble for Bubble Shooter Legend.

## STATEMENT OF CLAIM

### COUNT 1
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

29.    Zhenglang hereby repeats and realleges each and every allegation contained above.

30.    This Count is brought pursuant to the Lanham Act § 32, 15 U.S.C. §§ 1114 and

1116(a). Section 1114(1) provides in relevant part that:

(1) Any person who shall, without the consent of the registrant-
(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a
registered mark in connection with the sale, offering for sale, distribution, or advertising of
any goods or services on or in connection with which such use is likely to cause confusion,
or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such
reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages,
wrappers, receptacles or advertisements intended to be used in commerce upon or in
connection with the sale, offering for sale, distribution, or advertising of goods or services
on or in connection with which such use is likely to cause confusion, or to cause mistake,
or to deceive,
shall be liable in a civil action by the registrant for the remedies hereinafter provided.

31.    Zhenglang is the owner and registrant of a United States federally registered

LinkDesks trademark.

32.    Defendants are not authorized to use any of the LinkDesks federally registered

trademarks.

33.    Defendants market, sell, and produce goods and/or services to the same or similar

consumers.

34.    Without Zhenglang's consent or authorization, Defendants have used and continue

to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or

services in interstate commerce, which imitates Zhenglang's LinkDesks, United States federally

registered trademark.

35.    The use of Zhenglang's federally registered LinkDesks trademarks was done by

Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

36.     Defendants' actions have been and continue to be willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang.

37.     The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants and/or their goods and/or services are in some manner affiliated with, originate from, or are sponsored by Zhenglang in violation of the Lanham Act § 32, 15 U.S.C. § 1114.

38.     Zhenglang believes that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

39.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     Defendants' willful, intentional and unauthorized use of the LinkDesks Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Zhenglang's games and/or applications among the general public.

41.     Zhenglang has no adequate remedy at law, and if Defendants' actions are not enjoined, Zhenglang will continue to suffer irreparable harm to its reputation and the goodwill of its well-known LinkDesks Trademarks.

42.     The injuries and damages sustained by Zhenglang have been directly and

proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Zhenglang's games and/or applications.

43.     Notwithstanding the difficulty of fully ascertaining the value of the damage to Zhenglang caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Zhenglang. Therefore, Zhenglang is entitled to injunctive relief under 15 U.S.C. § 1116(a).

## COUNT 2

### False Designation of Origin and Unfair Competition (Lanham Act § 43(a))

44.     Zhenglang hereby repeats and realleges each and every allegation contained above.

45.     This Count is brought pursuant to the Lanham Act § 43(a), 15 U.S.C. §§ 1125(a) and 1116(a). Section 1125(a)(1) provides in relevant part that:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which-
(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

46.     Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark.

47.     Defendants are not authorized to use any of the LinkDesks federally registered trademarks.

48.     Defendants market and sell goods and/or services to the same or similar consumers.

49.     Without Zhenglang's consent or authorization, Defendants have used and continue

to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

50.    Through their adoption and use of the "LinkDesks" term, which is identical to Zhenglang's federally registered LinkDesks trademark, Defendants have intentionally and falsely

designated the origin of their LinkDesks"goods and/or services so as to profit from Zhenglang's name and essentially wipe Zhenglang off the map by confusing the public as to the source, origin, sponsorship or approval of the LinkDesks goods and/or services.

51.    Defendants' unauthorized use and continued use in interstate commerce of LinkDesks goods and/or services has caused and is likely to continue to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Zhenglang's LinkDesks goods, services, and/or commercial activities, (b) as to an affiliation, connection or association between Zhenglang and Defendants, and (c) as to the sponsorship or approval of Defendant's goods, services, and/or commercial activities by Zhenglang. Consumers are likely to confuse Zhenglang's goods, services, and/or commercial activities with those of Defendants under the mistaken belief that Defendants and their LinkDesks games and/or applications are affiliated, connected, or associated with Zhenglang itself.

52.    Defendants' actions described herein were undertaken with the intention of deceiving and misleading the public at large and wrongfully trade on the LinkDesks mark by eliminating Zhenglang from the online marketplace.

53.    Such actions, as used in commercial advertising, have misrepresented and-unless enjoined-will continue to misrepresent the nature, characteristics or qualities of Zhenglang's "LinkDesks" games and/or applications and Defendants' other goods, services and/or commercial activities for which Zhenglang is without an adequate remedy at law.

54.     The activities of Defendants complained of herein have also caused Zhenglang monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

55.     Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct. Notwithstanding the inadequacy of, and the difficulty of, fully ascertaining the value of the damage to Zhenglang caused by Defendants' wrongful conduct, Zhenglang believes that said conduct has resulted in irreparable, direct, and proximate damages to Zhenglang.

## COUNT 3

## Deceptive Acts and Practices Unlawful under New York General Business Law § 349

56.     Zhenglang hereby repeats and realleges each and every allegation contained above.

57.     This Count is brought pursuant to New York General Business Law, Section 349, which states in relevant part that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing or any service in this state are hereby declared unlawful."

58.     Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark.

59.     Defendants are not authorized to use any of the LinkDesks federally registered trademarks.

60.     Defendants market and sell goods and/or services to the same or similar consumers.

61.     Defendants misappropriated a commercial advantage belonging exclusively to the Zhenglang by the exploitation of Zhenglang's federally registered LinkDesks trademark.

62.     Without Zhenglang's consent or authorization, Defendants have used and continue to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

63.     The use of Zhenglang's federally registered LinkDesks trademark was done by Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

64.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.

65.     Defendants' actions have been and continue to be willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang.

66.     Zhenglang believes that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

67.     Zhenglang has no adequate remedy at law for the injuries alleged in this Count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be suffered as long as Defendants continue their wrongful conduct.

68.     Notwithstanding the difficulty of fully ascertaining the value of the damage to Zhenglang caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Zhenglang. Therefore, Zhenglang is entitled to injunctive relief.

69.     The foregoing actions of Defendants constitute deceptive acts or practices in the

conduct of business, trade or commerce or in the furnishing of a service in this state and is therefore unlawful under Section 349. Plaintiffs are entitled to bring this action for injunctive relief and damages, including discretionary treble damages for a willful or knowing violation.

## COUNT 4

### False Advertising under New York General Business Law § 350

70.    Zhenglang hereby repeats and realleges each and every allegation contained above.

71.    This Count is brought pursuant to New York General Business Law, Section 350, which states in relevant part that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

72.    Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark.

73.    Defendants are not authorized to use any of the LinkDesks federally registered trademarks.

74.    Defendants market and sell goods and/or services to the same or similar consumers.

75.    Defendants misappropriated a commercial advantage belonging exclusively to the Zhenglang by the exploitation of Zhenglang's federally registered and LinkDesks trademark.

76.    Without Zhenglang's consent or authorization, Defendants have used and continue to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

77.    The use of Zhenglang's federally registered LinkDesks trademark was done by Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

78.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.

79.     Defendants' actions have been and continue to be willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang.

80.     The foregoing actions of Defendants constitute false advertising in violation of New York General Business Laws, Section 350.

81.     Zhenglang believes that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

82.     Zhenglang has no adequate remedy at law for the injuries alleged in this Count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be suffered as long as Defendants continue their wrongful conduct.

83.     Notwithstanding the difficulty of fully ascertaining the value of the damage to Zhenglang caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Zhenglang. Plaintiffs are entitled to bring this action for actual damages and attorneys' fees, including discretionary treble damages for a willful or knowing violation.

**COUNT 5**

**Use of Name or Address with Intent to Deceive under New York General Business**

**Law § 133**

84.   Zhenglang hereby repeats and realleges each and every allegation contained above.

85.   This Count is brought pursuant to New York General Business Law, Section 133, which states in relevant part that:

No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor.

Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain such actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.

86.   Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark.

87.   Defendants are not authorized to use any of the LinkDesks federally registered trademarks.

88.   Defendants market and sell goods and/or services to the same or similar consumers.

89.   Defendants misappropriated a commercial advantage belonging exclusively to the Zhenglang by the exploitation of Zhenglang's federally registered LinkDesks trademark.

90.     Without Zhenglang's consent or authorization, Defendants have used and continue to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

91.     The use of Zhenglang's federally registered LinkDesks trademark was done by Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

92.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.

93.     Defendants' actions have been and continue to be willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang.

94.     The foregoing actions of Defendants constitute use of name or likeness with intent to deceive in violation of New York General Business Laws, Section 133.

95.     Zhenglang believes that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

96.     Zhenglang has no adequate remedy at law for the injuries alleged in this Count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be

suffered as long as Defendants continue their wrongful conduct. Zhenglang is entitled to injunctive relief for Defendants' violation of Section 133.

## COUNT 6

### Trademark Infringement under New York Common Law

97.     Zhenglang hereby repeats and realleges each and every allegation contained above.

98.     Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark. As such, Zhenglang owns all right, title and interest in and to the LinkDesks trademark.

99.     Defendants are not authorized to use any of the LinkDesks federally registered trademarks.

100.     Defendants market and sell goods and/or services to the same or similar consumers.

101.     Defendants misappropriated a commercial advantage belonging exclusively to the Zhenglang by the exploitation of Zhenglang's federally registered LinkDesks trademark.

102.     Without Zhenglang's consent or authorization, Defendants have used and continue to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

103.     The use of Zhenglang's federally registered LinkDesks trademark was done by Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

104.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.

105.     Defendants' actions have been and continue to be willful, unfair, false and

deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang. Zhenglang is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

106.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

107.     Zhenglang believes that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

108.     Zhenglang has no adequate remedy at law for the injuries alleged in this Count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be suffered as long as Defendants continue their wrongful conduct.

## COUNT 7

### Unfair Competition under New York Common Law

109.     Zhenglang hereby repeats and realleges each and every allegation contained above.

110.     Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark. As such, Zhenglang owns all right, title and interest in and to the LinkDesks

(R) trademark.

111.     Defendants are not authorized to use any of the LinkDesks federally registered

trademarks.

112.     Defendants market and sell goods and/or services to the same or similar consumers.

113.     Defendants misappropriated a commercial advantage belonging exclusively to the Zhenglang by the exploitation of Zhenglang's federally registered LinkDesks trademark.

114.     Without Zhenglang's consent or authorization, Defendants have used and continue to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

115.     The use of Zhenglang's federally registered LinkDesks trademark was done by Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

116.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.

117.     Defendants' actions have been and continue to be willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang. Zhenglang is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

118.     By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

119.     Zhenglang believes that Defendants have made and/or will make unlawful gains and

profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

120.    Zhenglang has no adequate remedy at law for the injuries alleged in this Count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be suffered as long as Defendants continue their wrongful conduct.

## COUNT 8

### Unjust Enrichment under New York Common Law

121.    Zhenglang  hereby repeats and realleges each and every allegation contained above.

122.    Zhenglang is the owner and registrant of a United States federally registered LinkDesks trademark. As such, Zhenglang owns all right, title and interest in and to the LinkDesks

(R) trademark.

123.    Defendants are not authorized to use any of the LinkDesks federally registered trademarks.

124.    Defendants market and sell goods and/or services to the same or similar consumers.

125.    Defendants misappropriated a commercial advantage belonging exclusively to the Zhenglang by the exploitation of Zhenglang's federally registered LinkDesks trademark.

126.    Without Zhenglang's consent or authorization, Defendants have used and continue to use "LinkDesks" in connection with the advertising, marketing, and offering of goods and/or services in interstate commerce, which imitates Zhenglang's LinkDesks United States federally registered trademark.

127.    The use of Zhenglang's federally registered LinkDesks trademark was done by

21

Defendants with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendants' goods and/or services.

128.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.

129.     Defendants' actions have been and continue to be willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had-and unless enjoined, will continue to have-the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods and/or services are affiliated with, sponsored or controlled by Zhenglang. Zhenglang is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

130.     By the acts described above, Defendants have been unjustly enriched in violation of the common law of the State of New York.

131.     Zhenglang believes that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Zhenglang has been deprived of gains and profits which otherwise would have inured to Zhenglang but for such unlawful actions.

132.     Zhenglang has no adequate remedy at law for the injuries alleged in this Count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be suffered as long as Defendants continue their wrongful conduct.

**<u>Prayer For Relief</u>**

WHEREFORE, Zhenglang prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the LinkDesks Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or produce of any products, games, and applications that is not a genuine Zhenglang product or is not authorized by Zhenglang to be sold in connection with the LinkDesks Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product, game, and application as a genuine Zhenglang product or any other product produced by Zhenglang, that is not Zhenglang's or not produced under the authorization, control, or supervision of Zhenglang and approved by Zhenglang for sale under the LinkDesks Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Zhenglang products, games, and applications are those sold or downloaded under the authorization, control or supervision of Zhenglang, or are sponsored by, approved by, or otherwise connected with Zhenglang;

d. further infringing the LinkDesks Trademarks and damaging Zhenglang's goodwill; and

e. producing, delivering, holding for sale or download, transferring or otherwise moving, distributing, or otherwise disposing of, in any manner, products, games, and applications not produced by or for Zhenglang, nor authorized by Zhenglang to be sold or offered for sale, and which bear any of Zhenglang' trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

2) Entry of an Order that, upon Zhenglang's request, those in privity with Defendants and

those with notice of the injunction, including, without limitation, any online platforms such as Google Play, Apple iTunes Store, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods or the download of software using the LinkDesks Trademarks;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing games and/or applications using the LinkDesks Trademarks; and

c. take all steps necessary to prevent links to the Defendant's games and/or applications from displaying in search results, including, but not limited to, removing links to the Defendant's games and/or applications from any search index;

3) That Defendants account for and pay to Zhenglang all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the LinkDesks Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Zhenglang be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the LinkDesks Trademarks;

5) That Zhenglang be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated: Flushing, New York July 12,2020

*/S/ SHAN ZHU*

Shan Zhu, Esq.
136-20 38th Ave., Suite 11G-2
Flushing, New York 11354
Tel: 718.353.8588
Shan.zhulaw@gmail.com
*Attorneys for Plaintiffs*