<u>**SHAN ZHU LAW GROUP P.C.**</u>
ATTORNEYS AT LAW
13620 38th Avenue, Suite 11G-2
Flushing, New York 11354

March 13, 2022

<u>**VIA ECF**</u>
The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, NY 11722

   **Re:** Shanghai Zhenglang Technology Co., Ltd v. Mengku Technology Co., Ltd et al.
     <u>Case No.: 2:20-cv-05209-JS-ARL      </u>

    *Letter motion Opposing Defendant's Letter Motion for Reconsideration*

Dear Hon. Lindsay:

  This office represents Plaintiff in the above-referenced matter. I am writing in response to Defendants' March 10, 2022 letter motion Dkt. No. 71 (the "Motion"), seeking reconsideration and modification of the Court's March 10, 2022 Order extending both parties' fact and expert discovery deadlines for 90 days to June 10, 2022, Dkt. 71. Defendants plainly fail to meet the strict standard for motion for reconsideration long established by the Second Circuit, and instead simply repeat their prior arguments in an apparent effort to gain an unfair advantage over Plaintiff. The Court should deny the Motion.

**1. Defendants Fail to Meet the Strict Standard for Reconsideration Because They Did Not (and Cannot) Offer Any Controlling Authority or Facts that Would Alter the Conclusion of the Court**

  Defendants' Motion fails even to state the legal standard for granting a motion for reconsideration—an apparent concession that they cannot meet its high bar. It is long established that reconsideration is to be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Emiabata v. Seton Healthcare Fam.*, No. 20-1801, 2021 WL 4256846, at *1 (2d Cir. Sept. 20, 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Yet Defendants' Motion offers nothing new at all. Rather, it repeats the same arguments Defendants already raised on March 9, 2022 in their initial motion, Dkt. 68, when seeking to extend only certain discovery deadlines, and otherwise raises issues Plaintiff already addressed in its own motion to extend all deadlines, Dkt. 69. Plainly, Defendants "seek[] solely to relitigate an issue already decided," *Rifenburg v. Kijakazi*, No. 20-178, 2022 WL 453426, at *2 (2d Cir. Feb. 15, 2022) (citing *Shrader*, 70 F.3d at 257)), and reconsideration is unwarranted.

## 2. Plaintiff's Discovery Requests Were Timely in Light of the Pending Motions

Defendants' Motion alleges that Plaintiff is seeking a bilateral discovery extension because it wants a "second bite at the apple." Nothing could be further from the truth. Rather, given the complexity of the claims and counterclaims at issue, the recency of Defendants' counterclaims (filed November 27, 2021, Dkt. 55), and the fact that the scope of discovery is not even set yet—Plaintiff's motion to dismiss certain counterclaims (filed February 10, 2022, Dkt. 63) is still pending and is not even fully briefed (and Defendants already dropped one of their counterclaims in response to the motion)—both parties will obviously require additional discovery to fully develop the record as to the existing claims and any claim that may survive the pending motion to dismiss.

With this in mind, Plaintiff served additional discovery requests (as it had previously advised Defendants it would do) the same day it sought an extension of discovery deadlines from this Court, and admitted as much in its motion. Plaintiff anticipated that a bilateral discovery extension would make these requests timely, and would have withdrawn them had its motion been denied. There is nothing inappropriate in this, despite Defendants' efforts to paint it otherwise, and Defendants' Motion offers nothing else—and certainly not any "controlling decisions or data that the court overlooked" when extending discovery deadlines 90 days.

Ultimately, Defendants' Motion appears to seek extensions of deadlines Defendants can use to gather additional discovery, take depositions, and prepare expert reports in response to Plaintiff's Complaint, filed November 2, 2020, Dkt. 2.[1] In the same breath, Defendant's Motion seeks to limit Plaintiff's discovery on Defendants' counterclaims—filed more than a year later on November 27, 2021, Dkt. 55, and some of which are currently subject to a pending motion to dismiss—to essentially three months of discovery. Defendants, who sought to extend until June 2022 their own time to take fact depositions while depriving Plaintiff of any additional written discovery, would gain an unfair advantage were their Motion granted.

The Court's March 10, 2022 Order extending all discovery by 90 days was entirely appropriate and, for the reasons above, Defendants' Motion should be denied.

*/s/ Shan Zhu*

---

[1] Plaintiff's Amended Complaint, filed November, 18, 2021, Dkt. 54, was not materially different and discovery was already well underway when it was filed.