```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
SHANGHAI ZHENGLANG TECHNOLOGY CO.,
LTD.,

                    Plaintiff,
                                            ORDER
         -against-                          20-CV-5209(JS)(ARL)

MENGKU TECHNOLOGY CO., LTD.; and
QIANAN LI,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Shan Zhu, Esq.
                    Hang & Associates, PLLC
                    136-20 38th Avenue, Suite 11G-2
                    Flushing, New York  11354

For Defendants:     Yong Chen, Esq.
                    Liu Chen & Hoffman, LLP
                    1 Penn Plaza, Suite 2508
                    New York, New York  10119
```

SEYBERT, District Judge:

The background of this case is discussed in this Court's Order denying Plaintiff's motion for a preliminary injunction, dated December 18, 2020, and will not be restated here. (Prelim. Injunction Order, ECF No. 29.) Currently pending before the Court is Defendants' motion for sanctions pursuant to Federal Rules of Civil Procedure 11(b)(1) and (3) (the "Rules"), which is based on representations Plaintiff made in connection with its motion seeking a temporary restraining order. (Sanctions Mot., ECF No. 34; Support Memo, ECF No. 34-1.)

1

Rule 11 contains a "safe harbor provision" that requires a party seeking sanctions relief to serve its motion on its adversary and refrain from filing the motion until 21 days after said service to permit the other party "the opportunity to withdraw or correct its allegedly frivolous claims." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002). Here, Defendants concede that they did not comply with Rule 11's safe harbor provision. (Support Memo at 15.) Rather, Defendants contend that the safe harbor provision is inapplicable in this case, because the offending paper is an ex parte emergency motion. (Id.) The Court is not persuaded. "Although the Court acknowledges the procedural difficulty of complying with Rule 11's safe harbor provision when the challenged filing is an emergency motion," in this case Defendants waited more than three months after the Court issued its order denying Plaintiff's request for a preliminary injunction to file their motion. See ED Cap., LLC v. Bloomfield Inv. Res. Corp., 316 F.R.D. 77, 82 (S.D.N.Y. 2016) (finding a delay of "nearly two months" between the plaintiff's emergency motion for injunctive relief and the defendant's sanctions motion, which did not comply with Rule 11's safe harbor provision, weighed against granting sanctions relief). "Other courts have declined to impose Rule 11 sanctions based on ambiguity as to whether Rule 11's procedural requirements have been met." Id. (citing Bowler v. U.S. I.N.S., 901 F. Supp. 597, 604 (S.D.N.Y. 1995)); see also

2

NXIVM Corp. v. Foley, No. 14-CV-1375, 2015 WL 7776923, at *3 (N.D.N.Y. Dec. 2, 2015) (declining to award sanctions relief under Rule 11 where the defendant failed to comply with the safe harbor provision, notwithstanding the fact that compliance with the provision was impossible because "the case was dismissed before the twenty-one-day safe-harbor period had run"). This outcome is especially warranted given the Second Circuit's directive that the safe harbor provision be strictly enforced. See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) ("The safe-harbor provision is a strict procedural requirement."). In sum, the Court is not persuaded that Rule 11's safe harbor provision is inapplicable here, or that Defendants' failure to provide the requisite notice was excused solely on the basis of the emergency nature of Plaintiff's motion.

Indeed, to the extent Defendants were harmed by the Court's issuance of a temporary restraining order, their protection was under Rule 65(c)'s security requirement. "The Rule 65(c) security requirement is designed to 'assure[] the [restrained] party that it may readily collect damages from the funds posted in the event that it was wrongfully [restrained], and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff.'" U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 775 F.3d 128, 135 (2d Cir. 2014) (quoting Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 557 (2d

Cir. 2011) (alterations in original)).  In its Temporary Restraining Order, the Court advised the parties that it would revisit the security bond issue at the preliminary injunction hearing, but neither party raised the issue at that time. (Temporary Restraining Order, ECF No. 10, at 6.)  Accordingly, Defendants have waived any argument under Rule 65.

Last, Defendants ask the Court to impose sanctions pursuant to its inherent authority.  (Support Memo at 16.)  It is true that federal courts have "well-acknowledged inherent power to levy sanctions in response to abusive litigation practices." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 135 (2d Cir. 1998) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). However, the Court declines to exercise that authority here.  While Defendants claim that Plaintiff and its president made false statements in connection with the preliminary injunction proceedings, the Court finds that the veracity of these representations is heavily disputed. (See Prelim. Injunction Order at 6-12 (initially addressing the parties' dispute as to whether Defendants are entitled to use the at-issue trademark's wording in the URLs and package name for the at-issue games they offer on Google Play).)  Thus, Defendants' sanctions motion is an inappropriate vehicle to challenge these representations.  See Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., No. 04-CV-3854, 2008 WL 4833025, at *5 (S.D.N.Y. Nov. 3,

4

2008) (noting a pre-trial sanctions motion is an "inappropriate vehicle to challenge the disputed fact at issue").

The Court has considered Defendants' remaining arguments and finds they are without merit.

Accordingly, Defendants' sanctions motion (ECF No. 34) is DENIED, and Plaintiff's motion for an extension of time to respond (ECF No. 36) is TERMINATED as moot.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  31 , 2022
       Central Islip, New York

5